Filed 1/12/16  P. v. Rutherford CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BILLY JOE RUTHERFORD,<br><br>    Defendant and Appellant. | A145230<br><br>(Humboldt County<br>Super. Ct. No. CR1405956) |

In this appeal, counsel for appellant has filed a declaration stating he has reviewed the record in this matter and concluded a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 is appropriate.  He has written appellant and advised him of his conclusion.  He told appellant he may file a supplemental brief with this court raising any issues appellant believes should be addressed.  More than 30 days have passed and no supplemental brief has been received.  We have reviewed the record in this case and conclude the judgment should be affirmed.  We do note the appeal is timely and the trial court issued a certificate of probable cause pursuant to Penal Code section 1237.5, subdivision (b).[1]

**STATEMENT OF THE CASE**

Appellant Rutherford was charged in a felony complaint filed on December 17, 2014, with one count of felon in possession of a firearm, a violation of section 29800,

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

subdivision (a)(1). Appellant waived his preliminary hearing and was charged in an information filed on March 18, 2015 with one count of violation of section 29800, subdivision (a)(1) and an allegation of a prior prison term pursuant to section 667.5.

After arraignment in the superior court, counsel for appellant advised the court his client was prepared to enter a plea of guilty to section 496 (receiving stolen property) as a felony. The district attorney would not object to probation in exchange for the change of plea. Appellant's counsel stated that "Mr. Rutherford's primary concern at this point is to be released from custody to get into this program, since he recognizes that is the best path forward for him."

The colloquy between the court and appellant became a bit strained as the judge attempted to see if Rutherford agreed with the disposition. The court eventually asked him, "[D]o you want to go ahead and enter the plea?" Appellant replied, "You know something, I'm going to go ahead and enter that plea. I don't feel it's right but I want to enter it."

The court then stated: "If you don't feel it's right, I don't want you to do it and I won't take it. If you want to take it—" Appellant interrupted: "I'm doin' it. I'm guilty, receiving stolen property."

The court proceeded to advise Rutherford he would be given a felony probation sentence and the probation department would prepare a presentence report. The court did remind him the court "retain[ed] the right to reject that condition, if I disagree with it. But if I do that, you would be allowed to withdraw your plea and start over." Appellant answered he understood that. He was then advised of his rights by the court.

A factual basis for the plea was stated on the record by the deputy district attorney, along with a stipulation by both counsel that the value of the stolen property, a shotgun, exceeded $950. Appellant at first challenged the value of the shotgun, but eventually adopted the stipulation. After this discussion, appellant entered a no contest plea to felony receiving stolen property (§496, subd. (a)).

2

On April 30, 2015, the court imposed sentence after reviewing the probation report. The sentence consisted of the imposition of sentence suspended with three years' formal probation. The court imposed a sentence of 120 days in actual custody as a condition of probation. Appellant, at the end, agreed with the terms of the sentence.

## DISCUSSION

A review of the record discloses appellant was fully aware of his legal options during the change of plea process. The court took great effort to make sure his election to change his plea was made without any coercion; that it was freely done. In the end, appellant got the probation sentence he desired. The record indicates he was effectively represented by appointed counsel. Nothing is presented in the record to disturb this no contest plea.

## DISPOSITION

The judgment is affirmed.


_____
DONDERO, J.


We concur:


_____
HUMES, P.J.


_____
BANKE, J.